836 F.2d 547
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Valerie M. TAYLOR, Plaintiff-Appellant,
v.
CITY NATIONAL BANK, Defendant-Appellee,
 No. 86-1715.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 2, 1987.
Decided Dec. 16, 1987.
 
 Guy R. Bucci (Jerry Michael Ranson, Deborah L. McHenry, Bucci & Ranson on brief) for appellant.
 Alexander Neal Barkus (Paul E. Mirengoff, Hunton & Williams, Otis L. O'Connor on brief) for appellee.
 Before DONALD RUSSELL and SPROUSE, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Invoking Title VII, 42 U.S.C. Sec. 2000e et seq., the plaintiff, a black woman, has filed this discrimination suit against her former employer, the defendant City National Bank. The district court found that the evidence did not support the plaintiff's claim of discrimination and entered judgment in favor of the defendant. We affirm.
 
 
 2
 The plaintiff was hired by City National Bank in 1980 and worked there until 1984 when she resigned. Her reason for resigning was that she was never promoted from her position as bookkeeper to that of teller. She said that several whites were hired or promoted to the teller's position during the time she was employed and that she was equally qualified for promotion to teller as some of the whites who were promoted during the time. Plaintiff also alleged that racial remarks had been made at the workplace. Based on this plaintiff contends that City National Bank was racially motivated in its decision not to promote her.
 
 
 3
 Defendant responds that its failure to promote plaintiff was because she was not qualified for the teller's position and that plaintiff's race did not influence the decision. In support of its claim that plaintiff was unqualified for the position of teller, defendant introduced evidence that plaintiff was inaccurate in doing her work, was unable to get along with other workers, and was inconsiderate to customers. Based on this evidence, defendant contends that it had demonstrated a non-discriminatory and legitimate business reason for not promoting plaintiff and that such evidence shifted the burden to the plaintiff to demonstrate by the preponderance of the evidence that the reason assigned by the defendant was pretextual and that the defendant's failure to promote her was racially motivated. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).
 
 
 4
 After hearing all of the evidence, the district court rendered its judgment that those who were hired for or promoted to the teller's position were better qualified for the job and that the decision to promote others instead of the plaintiff to the position was a legitimate business decision. The judgment of the district court in this case is not clearly erroneous. Anderson v. City of Bessemer City, North Carolina, 470 U.S. 564 (1985).
 
 
 5
 Accordingly, the judgment of the district court is
 
 
 6
 AFFIRMED.